UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS D. CALVILLO; | ) | CIV. 11-4033 |
| NATHAN CALVILLO; | ) | |
| JOLEEN F. DELUTRL; | ) | |
| FLORINDA HOPPE; | ) | |
| MARY CASADAY; | ) | |
| VINCENT COUGHLIN; | ) | |
| ROBERT NICHOLS; | ) | |
| BETTY SALTSGIVER; | ) | |
| MARK A. WASSON; | ) | |
| KENNETH J. BAAK; | ) | |
| CYNTHIA A. FLAMMANG; | ) | |
| TYLER J. SITZMANN; | ) | ORDER DENYING |
| TERRY L. CARTER; | ) | DEFENDANTS' MOTION TO |
| AUDREY M. PURUCKER; | ) | DISMISS AND GRANTING |
| LAURIE OLSON; | ) | PLAINTIFFS' REQUEST TO STAY |
| MARGARET WHITE; | ) | |
| GARY DUERKSEN; | ) | |
| JAVIER RODRIGUEZ; | ) | |
| BONNIE L. GRASER; | ) | |
| ANNETTE HOLGUIN; | ) | |
| RONALD R. ALLEN; | ) | |
| THERESA KINNEY; | ) | |
| DAN GROSENHEIDER; | ) | |
| GLORIA TODD; | ) | |
| GAYLEEN E. LARA; | ) | |
| JAMES SIGATY; | ) | |
| MARILYN UPTON; | ) | |
| KEVIN WEIFENBACH; | ) | |
| JAMES PETERS; | ) | |
| THOMAS L. ASHLEY; | ) | |
| WILLIAM P. COLLINS; | ) | |
| PAULA G. HINDS; | ) | |
| HAROLD NICHOLS; | ) | |
| RAQUEL D. OATMAN; | ) | |
| ERNESTO MIRANDA; | ) | |
| YVONNE MOATS; | ) | |
| DAWN GILLES; | ) | |
| RONALD C. WILTGEN; | ) | |
| PAMELA BANTA; | ) | |
| ANGIE DEBRUIN; | ) | |

| | |
|---|---|
| AMY HINES; | ) |
| PATRICK REED; | ) |
| PHYLLIS E. BERGDALE; | ) |
| DAWN GIRARD; | ) |
| RAY NELSON; | ) |
| LORI A. STEFFEN; and | ) |
| MARION K. ATHENS, | ) |
| on behalf of themselves and all other | ) |
| similarly situated individuals, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| SIOUXLAND UROLOGY | ) |
| ASSOCIATES P.C., d/b/a Siouxland | ) |
| Urology Center, a South Dakota | ) |
| corporation; | ) |
| SIOUXLAND UROLOGY CENTER, | ) |
| L.L.C., a South Dakota corporation; | ) |
| JOHN A. WOLPERT, M.D., | ) |
| individually; | ) |
| DAVID D. HOWARD, M.D., | ) |
| individually; | ) |
| PATRICK M. WALSH, M.D., | ) |
| individually; | ) |
| KENNETH E. McCALLA, M.D., | ) |
| individually; | ) |
| TIMOTHY G. KNEIB, M.D., | ) |
| individually; | ) |
| CRAIG A. BLOCK, M.D., | ) |
| individually, and | ) |
| THOMAS W. HEPPERLEN, M.D., | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

Defendants, Siouxland Urology Associates P.C., Siouxland Urology Center, L.L.C., Dr. Wolpert, Dr. Howard, Dr. Walsh, Dr. McCalla, Dr. Kneib, Dr. Block, and Dr. Hepperlen, move to dismiss this cause of action, *Calvillo*

*v. Siouxland Urology Associates P.C.*, Civ. 11-4033 (hereafter *Calvillo*), because they allege it is duplicative of another case pending before this court, *Kinney v. Siouxland Urology Associates P.C.*, Civ. 09-4051 (hereafter *Kinney*). *Calvillo*, Docket 6. All named plaintiffs, on behalf of themselves and all other similarly situated individuals, contest that motion and claim that *Calvillo* has merit because it was served to toll the statute of limitations in state court in case this court dismissed the *Kinney* cause of action and plaintiffs were then time barred from litigating their claim in state court. *Calvillo*, Docket 10.

## BACKGROUND

In the light most favorable to plaintiffs, the nonmoving party, the pertinent facts to this order are as follows: A number of named plaintiffs brought the *Kinney* cause of action in this court under the Class Action Fairness Act (CAFA), a means of providing jurisdiction over aggregate claims that do not satisfy complete diversity. *Kinney*, Docket 1. Plaintiffs moved to certify the class in that action, which was denied in February of 2010. *Kinney*, Docket 91. Prior to the denial of certification, plaintiffs' counsel contacted defense counsel to discuss the two-year anniversary of the initial letter that alerted plaintiffs to their potential tort claims and started the statute of limitations period. *Calvillo*, Docket 10 at 3. Plaintiffs' counsel expressed a concern about tolling the statute of limitations in state court while this court was making its certification decision. *Id.* at 3-4.

Plaintiffs served a complaint for the present action, and defendants filed the complaint in Union County, South Dakota. *Calvillo*, Docket 1-1. Defendants filed a notice of removal, and the case was removed to this court. Docket 1-3. Six of the seven original plaintiffs in *Kinney* are named plaintiffs in *Calvillo*. Docket 7 at 2. Meanwhile, after class certification was denied in *Kinney*, plaintiffs filed their third amended complaint in that case and again included class-wide claims. *Kinney*, Docket 93. Defendants again moved to strike the class claims. *Kinney*, Docket 95. Defendants also brought this motion to dismiss *Calvillo* as being duplicative of *Kinney*. *Calvillo*, Docket 6. The court recently granted defendants' request to strike class allegations from the third amended complaint. *Kinney*, Docket 105. The court also found that it retained subject matter jurisdiction over *Kinney* following a denial of class certification. *Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) grants the court power to dismiss a cause of action for a party's "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). This type of motion challenges the legal adequacy of the complaint filed in the action. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) ("[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . . a claim must be dismissed.) (citations omitted). To overcome a motion to dismiss, the pleadings have to have

4

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And to achieve the plausibility standard, a claim must have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

The court will consider all facts alleged in the complaint to be true and any inferences will be viewed in favor of the nonmoving party under Rule 12(b)(6). *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)). Even after *Twombly* and *Iqbal* there is still a "fundamental tenet of Rule 12(b)(6) practice" to draw inferences "in favor of the nonmoving party." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citations omitted). Even if the facts could be doubtful, the court will accept them as true. *Twombly*, 550 U.S. at 555. Even if recovery is unlikely or remote, a well-pleaded complaint may proceed. *Id.*

## ANALYSIS

Defendants claim that this cause of action should be dismissed because plaintiffs are attempting to get a more favorable disposition of their case by bringing the duplicative action in state court. Plaintiffs state that they are not attempting to duplicate *Kinney*, but simply want to preserve their rights in another forum. Plaintiffs request that this cause of action be stayed so that the statute of limitations will be tolled in state court.

The Supreme Court has noted a " 'virtually unflagging obligation' on the part of the federal courts to exercise their jurisdiction." *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 952 (8th Cir. 2001) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). There is a limitation on this jurisdiction, however, because generally "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Id.* at 954. "District courts have wide latitude in determining if one action is duplicative of another action." *Free Conferencing Corp. v. Sancom, Inc.*, No. CIV. 10-4113-KES, 2011 WL 1486199, *3 (D.S.D. April 19, 2011) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Courts can either dismiss or stay an action in an effort to avoid duplication of efforts depending on the circumstances. *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011). Litigation that could be duplicative should be "stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interest." *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000) (citations omitted).

There is no specific rule to determine if two pending federal cases are the same action, but there is a general principle to avoid duplicative litigation. *Mo. ex rel. Nixon*, 259 F.3d at 954 (citing *Colo. River*, 424 U.S. at 817). The Eighth Circuit Court of Appeals utilizes a substantial similarity

6

test between pending state and federal cases that says, "a substantial similarity must exist between the . . . proceedings, which similarity occurs when there is a substantial likelihood that the [first] proceeding will fully dispose of the claims presented" in the later proceeding. *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citation omitted). This court has used this test to determine if two pending federal actions were duplicative. *Free Conferencing Corp.*, 2011 WL 1486199, *3-4.

In *Kinney*, a number of plaintiffs brought suit against Siouxland Urology Associates P.C. and Siouxland Urology Center, L.L.C. as well as a number of doctors, individually, who worked at those entities. The suit alleged that defendants in that case reused medical equipment in such a way that it injured the plaintiffs who underwent medical procedures at the business named in the complaint. *Kinney*, Docket 93. Plaintiffs alleged claims of negligence, medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, battery, fraudulent concealment, fraudulent misrepresentation, informed consent, unjust enrichment, and violation of the South Dakota deceptive trade practices and consumer protection act. *Id.* The *Calvillo* complaint includes all of those claims but one, and the parties in both actions are identical except for additional plaintiffs named in *Calvillo*. *Calvillo*, Docket 1-1. The Eighth Circuit test asks whether the first action will likely fully dispose of the claims alleged in the second action. *Fru-Con Constr.*, 574 F.3d at 535. The

7

claims alleged in *Kinney* are identical to those stated in Calvillo; therefore, resolution of *Kinney* will fully dispose of all the claims alleged in *Calvillo*. *See Free Conferencing*, 2011 WL 1486199, *4 (finding that the claims were the same in both causes of action and that the litigant could obtain full relief in the first claim).

While plaintiffs have admitted that the *Kinney* and *Calvillo* actions are the same, plaintiffs allege that they served the *Calvillo* complaint merely to toll the state court statute of limitations, that defendants are the ones who removed the action, and that tolling the state statute of limitations was an important purpose worthy of bringing the *Calvillo* action. *Calvillo*, Docket 10 at 3-5.

The Eighth Circuit Court of Appeals has twice determined that staying a duplicative action is proper rather than dismissing it when the later-filed action was filed to toll a relevant statute of limitations. In *Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411 (8th Cir. 1992), one claim initially was brought in Pennsylvania state court and then was removed and joined with a similar action in federal court. *Id.* at 412. Later, a similar additional action was brought in federal court in Missouri. *Id.* Defendants attempted to dismiss the Missouri claim as duplicative, but plaintiffs claimed that the Missouri action was necessary to preserve the statute of limitations in the Missouri state court in case the Pennsylvania court did not have jurisdiction over all parties. *Id.* The district court found that the multiple filings on the

same claim was impermissible forum shopping and dismissed that action with prejudice. *Id.* The Eighth Circuit disagreed with the district court and determined that "any possibility of prejudice" could be avoided by staying the action because if it was determined on appeal that the Pennsylvania federal court did not have jurisdiction, only the stay could ensure that the Missouri federal court meets its "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Id.* at 412-13 (citing *Colorado River*, 424 U.S. at 817). The court also determined that the Missouri action was filed in good faith, was reasonable under the circumstances, and did not amount to forum-shopping. *Id.* at 413. Moreover, the court concluded that a stay rather than dismissal best addressed the issue of concurrent federal jurisdiction and its principles of "giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 413-14 (internal quotations omitted).

In *Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008), a number of actions originally were filed in state and federal court in Illinois, and later an additional federal action was commenced in Missouri district court. *Id.* at 791. Defendants filed a motion to dismiss the Missouri lawsuit as duplicative of the Illinois actions. *Id.* at 792. The district court found that the two lawsuits were parallel. It abstained from hearing the Missouri action, and dismissed the later-filed action. *Id.* On appeal, the Eighth Circuit determined that a stay, rather than dismissal, was appropriate

because there was a parallel state court proceeding already occurring and the stay "assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Id.* at 797 (citations omitted). The Eighth Circuit concluded that events could unfold in the state action that would create nonparallel proceedings; therefore, "because of potential statutes of limitations issues and because of the preference for stays, we remand so that the district court can enter a stay rather than a dismissal in this lawsuit." *Id.* at 797-98.

      Here, plaintiffs claim that the sole purpose for bringing *Calvillo* was to preserve the plaintiffs' state-court claim and toll the statute of limitations period in the event this court determined that it had no subject matter jurisdiction over the first-filed action, *Kinney*. Plaintiffs said, "if the *Kinney* litigation were dismissed on a lack of subject matter jurisdiction or because a motion to dismiss was granted, the Patients could be locked out of federal court before they had a chance to fully litigate the merits of their claims," and without filing the *Calvillo* complaint that action would be time barred. *Calvillo*, Docket 10 at 6-7. This threat is a possibility here because the issue of whether there is federal jurisdiction over *Kinney* is an unsettled question of law within the Eighth Circuit. For that reason, if the later-filed action is dismissed now, there is then a possibility that plaintiffs' state claim could be time barred absent a stay. Because the law is unsettled, and to fully protect plaintiffs' rights, it is appropriate to stay the *Calvillo* action until *Kinney*

becomes final. *See Cent. States*, 203 F.3d at 444 (determining that actions "should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests"). Under these facts, a stay rather than dismissal prevents any possibility of prejudice or injury to the plaintiffs while not harming the defendants. *Royal Indemnity Co.*, 511 F.3d at 797-98; *Selph*, 966 F.2d at 412-14.

## CONCLUSION

The *Calvillo* action may duplicate the *Kinney* action, but it serves a legitimate purpose and dismissal could pose harm to plaintiffs. A stay is the appropriate measure to fully protect plaintiffs' rights while ensuring that defendants are not exposed to duplicative litigation. Accordingly, it is

ORDERED that the motion to dismiss (*Calvillo*, Docket 6) is denied.

IT IS FURTHER ORDERED that *Calvillo* is stayed pending the resolution of the *Kinney* action.

Dated October 31, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE